IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

COURTNEY DRISKELL and
CHERYL GROUBERT

        Plaintiffs                Case No.:_____

v.

NAVIENT SOLUTIONS, INC.

        Defendant(s)

_____/

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiffs, COURTNEY DRISKELL and CHERYL GROUBERT, by and through the undersigned counsel, and files this Complaint and Jury Demand against the Defendant, NAVIENT SOLUTIONS, INC. ("NAVIENT") and would show:

## INTRODUCTION

This action arises out of the facts and circumstances surrounding the collection of an alleged consumer debt. Plaintiffs bring this action for statutory damages and actual damages against the Defendant, as well as attorney's fees and the costs of litigation for the Defendant's violations of the Florida Consumer Collection Practices Act, Title XXXIII, Chapter 559, Part VI, Florida Statutes ("FCCPA"), and violations of the Telephone Consumer Practices Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). These laws prevent creditors and debt collectors from *inter alia,* engaging in abusive, unfair and deceptive debt collection practices, as well as regulate the type of telephone equipment organizations may use to contact consumers for debt collection purposes.

## JURISDICTION AND VENUE

1.      This is an action for money damages in excess of fifteen thousand dollars ($15,000.00) exclusive of costs and attorney's fees.

2.      Jurisdiction of this Court arises under 559.77(1). Fla. Stat. And 47 U.S.C. § 227(b)(3).

3.      Venue lies in this district pursuant to 559.77(1). Fla. Stat. And 47 U.S.C. § 227(b)(3).

4.      Venue in this district is proper in that the Defendants conduct business here, and the conduct complained of occurred here.

## PARTIES

5.      Plaintiff, COURTNEY DRISKELL is an individual, a natural person and a "consumer" residing in Hillsborough County, Florida, who is alleged to owe a debt to NAVIENT.

6.      Plaintiff, CHERYL GROUBERT is an individual, a natural person and a "consumer" residing in Pinellas County, Florida, who is alleged to owe a debt to NAVIENT.

7.      The Defendant Navient is a wholly owned subsidiary of Sallie Mae that conducts business in Hillsborough County.   Its principal business location is 2001 Edmund Halley Drive, Reston, VA 20191-3436.

8.      Defendant is engaged in the collection of consumer debts using the telephone, the U.S. Mail, and all other means at its disposal.

9.      Defendant is a "debt collector" as defined by the FCCPA.

10.   At all times herein, Defendant was a "person" as defined by Section 559.55, Fla. Stat. *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11.   At all times herein, the Defendant either acted on its own accord, or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTS

12.   At one point in time, Plaintiffs COURTNEY DRISKELL and CHERYL GROUBERT was alleged to owe a debt to Defendant (the "debt").

13.   The debt was incurred for Plaintiffs' personal, family and/or household purposes.

14.   On October 26, 2015, Defendant NAVIENT called the Plaintiff CHERYL GROUBERT on her cellular telephone. Plaintiff CHERYL GROUBERT specifically told a NAVIENT representative, that NAVIENT did not have her consent to call her on her cellular telephone, the number 813-[redacted]-6832.

15.   Despite Plaintiffs informing Defendant it did not have her consent to call her cellular telephone, Defendant continued to call her cellular telephone, subsequent to the above conversation, using an auto-dialer to make each telephone call, in excess of one hundred and six (106) times. Four (4) calls were made to Plaintiffs' cellular telephone on October 30, 2015.Three (3) calls were made to Plaintiffs' cellular telephone October 31, 2015. Four (4) calls were made to Plaintiffs' cellular telephone on November 3, 2015. Four (4) calls were made to Plaintiffs' cellular telephone on November 5, 2015. Four (4) calls were made to Plaintiffs' cellular telephone on November 6, 2015. One (1) call was

made to Plaintiffs' cellular telephone on November 7, 2015. Five (5) calls were made to

Plaintiffs' cellular telephone on November 9, 2015. Two (2) calls were made to

Plaintiffs' cellular telephone on November 10, 2015. Five (5) calls were made to

Plaintiffs' cellular telephone on November 11, 2015. Two (2) calls were made to

Plaintiffs' cellular telephone on November 12, 2015. Two (2) calls were made to

Plaintiffs' cellular telephone on November 13, 2015. One (1) call was made to Plaintiffs'

cellular telephone on November 14, 2015. One (1) call was made to Plaintiffs' cellular

telephone on November 15, 2015. Two (2) calls were made to Plaintiffs' cellular

telephone on November 16, 2015. Three (3) calls were made to Plaintiffs' cellular

telephone on November 17, 2015. Four (4) calls were made to Plaintiffs' cellular

telephone on November 18, 2015. Three (3) calls were made to Plaintiffs' cellular

telephone on November 19, 2015. Four (4) calls were made to Plaintiffs' cellular

telephone on November 20, 2015. One (1) call was made to Plaintiffs' cellular telephone

on November 21, 2015. One (1) call was made to Plaintiffs' cellular telephone on

November 22, 2015. Three (3) calls were made to Plaintiffs' cellular telephone on

November 23, 2015. Two (2) calls were made to Plaintiffs' cellular telephone on

November 24, 2015. Three (3) calls were made to Plaintiffs' cellular telephone on

November 25, 2015. Four (4) calls were made to Plaintiffs' cellular telephone on

November 27, 2015. Four (4) calls were made to Plaintiffs' cellular telephone on

November 29, 2015. One (1) call was made to Plaintiffs' cellular telephone on November

29, 2015. One (1) call was made to Plaintiffs' cellular telephone on November 30, 2015.

Two (2) calls were made to Plaintiffs' cellular telephone on December 4, 2015. One (1)

call was made to Plaintiffs' cellular telephone on December 5, 2015. One (1) call was

made to Plaintiffs' cellular telephone on December 6, 2015. Two (2) calls were made to Plaintiffs' cellular telephone on December 7, 2015. Four (4) calls were made to Plaintiffs' cellular telephone on December 8, 2015. Two (2) calls were made to Plaintiffs' cellular telephone on December 9, 2015. Three (3) calls were made to Plaintiffs' cellular telephone on December 10, 2015. Three (3) calls were made to Plaintiffs' cellular telephone on December 11, 2015. One (1) call was made to Plaintiffs' cellular telephone on December 12, 2015. Four (4) calls were made to Plaintiffs' cellular telephone on December 14, 2015. Three (3) calls were made to Plaintiffs' cellular telephone on December 16, 2015. One (1) call was made to Plaintiffs' cellular telephone on January 12, 2016.

16. On December 11, 2015, the undersigned as Plaintiff CHERYL GROUBERT sent a cease and desist request to NAVIENT via certified mail which was confirmed as delivered and signed for on December 15, 2015 at 10:43 a.m. ("Cease and Desist"). The request and Delivery Signature by the Defendant is attached as "Exhibit A".

17. Subsequent to the Defendant's receipt of the Cease and Desist, Defendant continued to place calls to Plaintiff CHERYL GROUBERT with a frequency of 3-4 calls per day. Three (3) calls were made to Plaintiffs' cellular telephone on December 16, 2015. Three (3) calls were made to Plaintiffs' cellular telephone on December 17, 2015. One (1) call was made to Plaintiffs' cellular telephone on January 12, 2016.

18. On October 22, 2015, Defendant NAVIENT called the Plaintiff COURTNEY DRISKELL on her cellular telephone. Plaintiff COURTNEY DRISKELL

specifically told a NAVIENT representative, that NAVIENT did not have her consent to call her on her cellular telephone, the number 813-[redacted]-1112.

19.    Despite Plaintiffs informing Defendant it did not have her consent to call her cellular telephone, Defendant continued to call her cellular telephone, subsequent to the above conversation, using an auto-dialer to make each telephone call, in excess of twenty (20) times. Four (4) calls were made to Plaintiffs' cellular telephone on October 29, 2015. Two (2) calls were made to Plaintiffs' cellular telephone on October 30, 2015. One (1) call was made to Plaintiffs' cellular telephone on November 6, 2015. One (1) call was made to Plaintiffs' cellular telephone on November 11, 2015. One (1) call was made to Plaintiffs' cellular telephone on November 12, 2015. One (1) call was made to Plaintiffs' cellular telephone on November 15, 2015. One (1) call was made to Plaintiffs' cellular telephone on November 16, 2015. One (1) call was made to Plaintiffs' cellular telephone on November 18, 2015. One (1) call was made to Plaintiffs' cellular telephone on November 19, 2015. One (1) call was made to Plaintiffs' cellular telephone on November 23, 2015. One (1) call was made to Plaintiffs' cellular telephone on November 24, 2015. One (1) call was made to Plaintiffs' cellular telephone on November 25, 2015. One (1) call was made to Plaintiffs' cellular telephone on November 28, 2015. One (1) call was made to Plaintiffs' cellular telephone on November 30, 2015. One (1) call was made to Plaintiffs' cellular telephone on December 4, 2015. One (1) call was made to Plaintiffs' cellular telephone on December 15, 2015. One (1) call was made to Plaintiffs' cellular telephone on January 12, 2016. One (1) call was made to Plaintiffs' cellular telephone on January 20, 2016. One (1) call was made to Plaintiffs' cellular telephone on

January 29, 2016. One (1) call was made to Plaintiffs' cellular telephone on January 25, 2016.

20.    On December 11, 2015, the undersigned as Plaintiff COURTNEY DRISKELL sent a cease and desist request to NAVIENT via certified mail which was confirmed as delivered and signed for on December 15, 2015 at 10:43 a.m. ("Cease and Desist"). The request and Delivery Signature by the Defendant is attached as "Exhibit B".

21.    Subsequent to the Defendant's receipt of the Cease and Desist, Defendant continued to place calls to Plaintiff COURTNEY DRISKELL with a frequency of 3-4 calls per day. One (1) call was made to Plaintiffs' cellular telephone on December 15, 2015. One (1) call was made to Plaintiffs' cellular telephone on January 12, 2016. One (1) call was made to Plaintiffs' cellular telephone on January 20, 2016. One (1) call was made to Plaintiffs' cellular telephone on January 25, 2016. One (1) call was made to Plaintiffs' cellular telephone on January 29, 2016.

22.    Each time Defendant called the Plaintiffs' cellular telephone, when the Plaintiff would answer the call, there would be a period of silence for several seconds, then a mechanical clicking noise prior to a live person coming onto the line.

23.    Occasionally, after the immediately aforementioned period of silence and mechanical clicking noises, the call would be terminated by the calling party without a live person ever coming onto the line.

24.    Upon information and belief, the immediately aforementioned characteristics of the telephone calls indicate that Defendant used an automatic telephone dialing system ("auto-dialer") to place the telephone calls each time that it called the

Plaintiffs' cellular telephone.   On occasion, when the Plaintiffs would answer the telephone, a prerecorded message was delivered to them prior to a live human coming on the line.

25.     All one hundred and thirty (130) of the aforementioned telephone calls (and all additional calls prior to Plaintiffs maintaining a log) were willfully and knowingly made by Defendant to the Plaintiffs' cellular telephone after Defendant was made aware that the Plaintiffs did not consent to receiving such calls.

26.     The Plaintiffs have retained the law firm of Christie D. Arkovich, P.A. for the purpose of pursuing this matter against the Defendant and is obligated to pay her attorneys a reasonable fee for their services.

27.     Section 559.77, Fla. Stat. provides for an award of up to $1,000.00 statutory damages, as well as actual damages and an award of attorney's fees to the Plaintiffs should the Plaintiffs prevail in this matter against the Defendant.

28.     47 U.S.C. § 227 (b)(3)(B) provides for statutory damages of five hundred dollars ($500.00) for each and every telephone call placed to the Plaintiffs' cellular telephone with an auto-dialer without their express prior consent.

29.     47 U.S.C. § 227 (b)(3)(B) provides for statutory damages of five hundred dollars ($500.00) for each and every telephone call placed to the Plaintiffs' cellular telephone that delivers a prerecorded message without his express prior consent.

30.     In addition, if the Court finds the Defendants willfully and knowingly violated the forgoing section, the court may award treble damages to the Plaintiffs for such violations pursuant to 47 U.S.C. § 227 (b)(3).

31.    All conditions precedent to the filing of this action has been completed or has been waived.

## CAUSES OF ACTION

## COUNT 1 – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT – CHERYL GROUBERT

32.    This is an action by CHERYL GROUBERT against the Defendant for violations of the FCCPA, Title XXXIII, Chapter 559, Part VI, Florida Statutes.

33.    Plaintiff repeats, re-alleges and incorporates paragraphs 1-31 as though fully restated herein.

34.    The Defendant unlawfully used an auto dialer to call the Plaintiffs' cellular telephone on at least nine occasions, without Plaintiff's express consent, while knowing the conduct was prohibited under the TCPA.

35.    The immediately aforementioned conduct violated 559.72(7), 559.72(9) and 559.72(18), Florida Statutes.

36.    As a result of the forgoing violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2), Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against Defendant for:

    a.    Damages;

    b.    Attorney's fees and the costs of litigation;

    c.    A permanent injunction enjoining Defendant from engaging in the complained-of practices; and

    d.    Such other or further relief as the Court deems just and proper.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT – COURTNEY DRISKELL

37.     This is an action by Plaintiffs COURTNEY DRISKELL against the Defendant for violations of the FCCPA, Title XXXIII, Chapter 559, Part VI, Florida Statutes.

38.     Plaintiff repeats, re-alleges and incorporates paragraphs 1-31 as though fully restated herein.

39.     The Defendant unlawfully used an auto dialer to call the Plaintiff's cellular telephone on at least nine occasions, without Plaintiff's express consent, while knowing the conduct was prohibited under the TCPA.

40.     The immediately aforementioned conduct violated 559.72(7) and 559.72(9), Florida Statutes.

41.     As a result of the forgoing violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2), Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against Defendant for:

 a.  Damages;

 b.  Attorney's fees and the costs of litigation;

 c.  A permanent injunction enjoining Defendant from engaging in the complained-of practices; and

 d.  Such other or further relief as the Court deems just and proper.

## COUNT III – VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT – CHERYL GROUBERT

42.    This is an action against the Defendant for violations of the TCPA, 47

U.S.C. § 227 *et seq.*

43.    Plaintiff repeats, re-alleges and incorporates paragraphs 1-31 as though

fully restated herein.

44.    Defendant, in the conduct of its business, used an automated telephone

dialing system, as defined by 47 U.S.C. § 227(a)(1)(A) to place telephone calls to the

Plaintiff's cellular telephone.

45.    Section 47 U.S.C. § 227(b)(1)(A)(iii provides in pertinent part:

It shall be unlawful for any person within the United States –

(A) to make any call (other than a call made for emergency purposes or
made with the prior express consent of the called party) using any
automated telephone dialing system or an artificial or prerecorded
voice –
(iii) to any telephone number assigned to a paging service, cellular
telephone service, specialized mobile radio service, or other radio
common carrier service, or any service for which the called party is
charged for the call.

46.    Defendant is subject to, and has violated the TCPA by using an automated

telephone dialing system to call the Plaintiff's cellular telephone, in excess of ten (10)

times, without her prior express consent.

47.    Defendant is subject to, and has violated the TCPA by delivering

prerecorded messages to the Plaintiff's cellular telephone without her prior express

consent.

48.    Each of the telephone calls to the Plaintiffs' cellular telephone were

knowingly, willfully and consciously made in violation of the TCPA, after the Plaintiff

had specifically told the Defendant that it did not have her consent to call her on her cellular telephone.

49.    As a direct and approximate result of Defendant's conduct, the Plaintiffs has suffered: (a) The periodic loss of cellular telephone service, (b) The costs associated with the usage of cellular telephone service during each call, (c) Statutory damages under the TCPA, and (d) the expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost.

50.    As a result of the above violations of the TCPA, the Defendant is liable to the Plaintiff for the amount of $500.00 as damages for each violation pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

51.    Based on the willful, knowingly, and intentional conduct of the Defendant as described above, the Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, the Plaintiffs respectfully requests this Court enter judgment in his favor and against the Defendant for:

a.    $500.00 statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3)(B);

b.    Treble statutory damages of $1,500.00 per knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3);

c.    Costs of litigation, and;

d.    Such other or further equitable relief as the Court deems just and proper under the circumstances.

## COUNT IV – VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT –COURTNEY DRISKEL

52. This is an action against the Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

53. Plaintiffs repeats, re-alleges and incorporates paragraphs 1-31 as though fully restated herein.

54. Defendant, in the conduct of its business, used an automated telephone dialing system, as defined by 47 U.S.C. § 227(a)(1)(A) to place telephone calls to the Plaintiff's cellular telephone.

55. Section 47 U.S.C. § 227(b)(1)(A)(iii provides in pertinent part:

It shall be unlawful for any person within the United States –

(B) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automated telephone dialing system or an artificial or prerecorded voice –
(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

56. Defendant is subject to, and has violated the TCPA by using an automated telephone dialing system to call the Plaintiff's cellular telephone, in excess of ten (10) times, without her prior express consent.

57. Defendant is subject to, and has violated the TCPA by delivering prerecorded messages to the Plaintiff's cellular telephone without his prior express consent.

58. Each of the telephone calls to the Plaintiff's cellular telephone were knowingly, willfully and consciously made in violation of the TCPA, after the Plaintiff

had specifically told the Defendant that it did not have her consent to call her on her cellular telephone.

59.     As a direct and approximate result of Defendant's conduct, the Plaintiff has suffered: (a) The periodic loss of cellular telephone service, (b) The costs associated with the usage of cellular telephone service during each call, (c) Statutory damages under the TCPA, and (d) the expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost.

60.     As a result of the above violations of the TCPA, the Defendant is liable to the Plaintiff for the amount of $500.00 as damages for each violation pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

61.     Based on the willful, knowingly, and intentional conduct of the Defendant as described above, the Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, the Plaintiffs respectfully requests this Court enter judgment in his favor and against the Defendant for:

e.     $500.00 statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3)(B);

f.     Treble statutory damages of $1,500.00 per knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3);

g.     Costs of litigation, and;

h.     Such other or further equitable relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Please take notice that the Plaintiffs respectfully demands trial by jury on all issues so triable.

Dated this ___2rd___ day of February, 2016.

Respectfully Submitted:

Christie D. Arkovich, Esq.
Florida Bar No. 963690
Barbara C. Leon, Esq.
Florida Bar No. 482115
CHRISTIE D. ARKOVICH, P.A.
1520 W. Cleveland St.
Tampa, Florida 33606
(813) 258-2808
Attorneys for Plaintiffs